IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |  |
|---|---|---|
| FREDDIE LEE MYLES, | § | |
| TDCJ-CID NO.350671, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION H-06-3926 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
|     Respondent. | § | |

## OPINION ON DISMISSAL

Petitioner Freddie Lee Myles, a state inmate, again seeks habeas relief from a 1983 state court conviction for theft in cause number 366-248 in the 174th District Court of Harris County, Texas. (Docket Entry No.1). Petitioner's first federal habeas petition challenging this conviction was dismissed as time-barred. *Myles v. Johnson*, Civil Action No.H:99-CV-441 (S.D. Tex. No.17, 2000). The Court dismissed petitioner's last habeas petition challenging this same conviction as successive. *See Myles v. Quarterman*, Civil Action No.4:06cv2055 (S.D. Tex. July 27, 2006). Because petitioner has again failed to show that he has received authorization from the Fifth Circuit Court of Appeals, the Court will dismiss the pending habeas action as successive.

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when, as here, it raises a claim or claims challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition, or otherwise constitutes an abuse of the writ. *See In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). The fact that the earlier petition was dismissed with prejudice on limitations grounds does not remove the subsequent petition from the second-successive requirements of § 2244(b). *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *Compare Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 2648 n.6 (2005). Thus, before such a petition is filed in federal district court, the

petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3).

From the face of this petition and court records, of which this court takes judicial notice, it is apparent that this is a successive petition filed without authorization from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(1)-(3). This Court is, therefore, without jurisdiction to consider the petition. *Id.*; *Hooker*, 187 F.3d at 681-82.

Accordingly, this action is DISMISSED without prejudice to seeking authorization from the court of appeals to proceed in this Court on any new claims.

Petitioner has not made a substantial showing that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and that such jurists "would find it debatable whether the district court was correct in its procedural ruling." *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). For this reason, this court finds that a certificate of appealability should not issue in this case.

All pending motions are DENIED.

Signed at Houston, Texas, on this 8th day of January, 2007.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE